CHARLES H. SCHOLES CO.· v. OPPENHEIM.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. EVIDENCE (§ 378*)—DOCUMENTS—LETTERS—PRELIMINARY PROOF.

Plaintiff's testimony showed that defendant agreed to send plaintiff a letter guaranteeing the account of a corporation with which defendant's son was connected.   On the succeeding day plaintiff received a letter, on paper bearing the name and address of that company, complaining about delay in delivering the material purchased, asking for information, and stating that the subscriber would guarantee payment of any account engaged by the company, signed with defendant's name.   At the time of the trial defendant's son was dead, and defendant denied that he signed the letter, or authorized any one to do it for him.   *Held*, that the letter did not prove itself, though it was shown to have been received in due course of mail, and was inadmissible, in the absence of other evidence that it was signed or authorized by defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1648–1655; Dec. Dig. § 378.*]

2. GUARANTY (§ 25*)—CONTRACT—PROOF.

Such letter, even though admissible, in the face of defendant's denials, was insufficient to establish the execution of the guaranty.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 102–104; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Charles H. Scholes Company against Albert D. Oppenheim.   From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Herbert H. Maass, of New York City, for appellant.

Herman & Hirschman, of New York City (Joseph Herman, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff sues upon an alleged written guaranty of the account of the German-American Miroment Company. The sole issue in this case is whether the guaranty was signed by the defendant.

[1] According to the plaintiff's testimony, the defendant, on January 27th or 28th, agreed to send him a letter guaranteeing the account of the German-American Miroment Company, with which his son was connected.   On January 29th, the plaintiff received a letter upon paper bearing the name and address of that company.   This letter reads as follows:

"Gentlemen: Yours of the 28th inst. is to hand, and in reference to same would state that you do not mention when we are to receive the delivery of the five tons of magnesite we ordered through the telephone several days ago, as we are under the impression that we would receive the goods this week.   Kindly inform us at once when you think the goods will arrive.   In reference to guaranteeing the account of the German-American Miroment Company, I would say that I would guarantee payment of any account engaged by this company.

"Very truly yours,                                    A. D. Oppenheim."

The defendant absolutely denies that he signed the letter, or authorized any other person to do so in his behalf. Defendant's son is now dead, and defendant does not know whether the signature is his. There is no direct evidence that the letter was signed or authorized by him, and the appeal presents the question whether the circumstances point so strongly to the inference that the letter was signed or authorized by him as to make it admissible in evidence, without direct proof of the signature, and to overcome the absolute denial of the defendant that the letter is his.

There is no doubt but that, where a letter is received by due course of mail, purporting to come in answer from the person to whom a prior letter has been sent, the reply letter is admissible in evidence. In such a case, the courts have held that the circumstances present prima facie proof of the genuineness of the letter. No case has, however, been cited to us, and I know of no authority in this state, that this rule should be extended to cases where the letter follows an oral communication. The only argument for extending the rule under such circumstances is that where an oral communication is made to a sole person, and a communication is received purporting to come from that person, and the contents show knowledge of the matter communicated, it is a fair inference that the letter is written by the person to whom alone the oral communication was made. Nevertheless, the courts seem unwilling to accept this inference, at least, in any case where actual proof of handwriting may be had, and—

"it seems generally conceded that the mere *contents of a written communication* purporting to be a particular person's are of themselves not sufficient evidence of genuineness." Wigmore on Evidence, vol. 3, § 2148.

[2] Conceding, however, that the letter was admissible upon this circumstantial evidence, at most the evidence made out a weak prima facie case, which is completely met by the direct denials of the defendant. The letter is upon the letter head of the Miroment Company, and not of the defendant. While signed "A. D. Oppenheim," the letter, in part at least, is certainly written for the company, and not for defendant, and is in reply to a letter apparently sent to the company. It is not at all unlikely that defendant's son, or some other person connected with the company, knew that the plaintiff would sell it goods only if the account were guaranteed, and therefore wrote this letter, signing the name "A. D. Oppenheim." The defendant's denial that the signature is his is, therefore, not inconsistent with any of the circumstances testified to, nor is it even improbable, and the trial court had no right to disregard it.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.